UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**Caption in Compliance with D.NJ. LBR 9004-1(b)**
E. Richard Dressel, Esquire (ED 1793)
Lex Nova Law LLC
10 E. Stow Road, Suite 250
Marlton, NJ 08053
(856) 382-8211
Attorneys for Brian Thomas,
  Chapter 7 Trustee

In Re:

A-ONE LEASING, LLC,

　　　　　　Debtors.

Case No:　　　22-18807(JNP)

Chapter:　　　7

Judge:　　　Jerrold N. Poslusny, Jr.

Hearing Date: June 11, 2024 at 11:00 am

**CERTIFICATION OF ROBERT N. SNYDER, JR, CPA,
IN SUPPORT OF TRUSTEE MOTION FOR AN ORDER OF
SUBSTANTIVE CONSOLIDATION WITH A-ONE WASTE SOLUTIONS**

Robert N. Snyder, Jr., CPA, the Court-appointed accountant for Brian Thomas, the Chapter 7 Trustee (the "Trustee") for A-One Leasing, LLC ("AOL" or the "Debtor") and A-One Waste Solutions (docket no. 22-18808(JNP)) ("AOW" and, together with AOL, the "Debtors"), makes this Certification in support of the Trustee's Motion for the entry of an Order of for substantive consolidation of the instant case with that of AOW as follows:

**A-ONE LEASING LLC AND A-ONE WASTE SOLUTIONS**

1.　　The Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on November 6, 2022 (the "AOL Petition Date").

2.　　Andrew Finberg was the [initial] interim Trustee in this Chapter 7 case, duly-appointed and so-acting.

3.　　On August 30, 2023, Brian S. Thomas was appointed as successor Trustee to Mr.

#729721 v1

Finberg, duly-appointed and so-acting.

4. I am the Court-appointed accountant in the AOL Chapter 7 proceeding, having been appointed by Orders of this Court dated December 19, 2022 and September 21, 2023.

5. A-One Waste Solutions filed a voluntary petition for relief pursuant Chapter 7 of the Bankruptcy Code on November 6, 2022 (the "AOW Petition Date" and, together with the AOL Petition Date, the "Petition Date"), which case was docketed at no 22-18808(JNP).

6. Andrew Finberg was appointed as the [initial] interim Trustee in the AOW Chapter 7 case, duly-appointed and so-acting.

7. On August 30, 2023, Brian S. Thomas was appointed as successor Trustee to Mr. Finberg, duly-appointed and so-acting.

8. I am the Court-appointed accountant for the Trustee in each of the AOL and AOW Chapter 7 proceedings, having been appointed by Orders of this Court dated December 19, 2022 and September 21, 2023 in each of the cases.

9. I am a Certified Public Accountant ("CPA") licensed in New Jersey and hold the Certified in Financial Forensics ("CFF") credential from the American Institute of Certified Public Accountants ("AICPA"), the Certified Insolvency and Restructuring Advisor ("CIRA") credential from the Association of Insolvency and Restructuring Advisors ("AIRA"), and the Certified Fraud Examiner ("CFE") credential from the Association of Certified Fraud Examiners ("ACFE"). I have been practicing with specialty in insolvency and forensic accounting for over 30 years, primarily providing services to Chapter 7 trustees and related bankruptcy estates.

10. Pursuant to my appointment, the Trustee requested that I review the books and records of AOL and AOW and other documents supplied by counsel for AOL and AOW.

11. Specifically, I have investigated the operations of AOL and AOW prior to the

Petition Date, the records maintained by both entities, transcript of 2004 examination of James Burns, subpoenaed statements from American Express, pleadings from Burns vs. Burns state court litigation prior to the Petition Date and the numerous transfers between the Debtors and to third parties (collectively, the "Records").

12. Based the Records, AOL and AOW are believed to have been formed on April 16, 2013 as single member limited liability companies owned by Nicolette Burns as the 100% managing member of each.

13. Prior to the Petition Date, AOL and AOW were trucking and hauling companies which, among other things, transported raw and finished materials and provided snow clearing services for the State of New Jersey.

14. While AOL held title to the physical assets that AOW used (vehicles, trailers equipment, etc.), AOW apparently collected all customer payments and paid all bills and obligations for both AOW and AOL.

15. Prior to the Petition Date, the Records reflect that Nicolette Burns' husband, James Burns, appears to have managed AOL and AOW's business operations, had access to banking and computer software programs and received wages from AOW. The Records reflect that marital issues between Nicolette Burns and James Burns appear to have contributed to the demise of AOL and AOW which ultimately led to the bankruptcy filing(s).

16. The Records reflect that in/about June 2021 Nicolette Burns obtained three (3) separate restraining orders against James Burns. Subsequent thereto, in March of 2022, Nicolete Burns filed a state court complaint against James Burns, A-One Contractors, LLC, Sherri Stiles-Kuhn and Stile Hauling, LLC ("Burns v. Burns"), alleging that James Burns had created a new entity known as A-One Contractors, LLC ("AOC") in March 2021 through which he was

diverting customer payments from AOW and AOL to AOC while using AOL and AOW's equipment and employees.

17. As a result of the above, the Records reflect that in April 2022, a preliminary injunction was issued in the <u>Burns v. Burns</u> case which ordered various relief, including the appointment of Noel Capuano of Friedman, LP as fiscal receiver of AOL and AOW so that all future funds owed to AOL and AOW would be directed to AOW's accounts.

18. As a result of my investigation of AOL and AOW as set forth in para. 10 hereinabove, I have observed the following:

    a. AOL and AOW, while separate legal entities were, for all intents and purposes, operated as one economic entity, as the business and assets of AOL and AOW were indiscriminately comingled.

    b. AOW was the operating company for the combined AOL/AOW entities, while AOL held title to physical assets (vehicles, trailers, equipment, etc.) that the combined entities used to operate and generate revenues.

    c. AOW collected all customer payments and paid all bills for both Debtors.

    d. AOL does not appear to have had its own bank account since 2016.

    e. There is no indication that AOL filed a separate tax return (Schedule C) for the business in 2019 so the depreciation expense for the assets owned by AOL was recorded on the Schedule C tax return for AOW.

    f. From the combined Debtors' operations, AOW appears to have made payments to or on behalf of Nicolette Burns and to or for the benefit of James Burns for non-business items and to or on behalf of the joint expenses of Nicolette Burns and James Burns totaling millions of dollars.

    g. Some creditors filed proof of claims in both of the Debtors' bankruptcy cases, evidencing vendors' confusion, and reinforcing the perception that AOL and AOW were operating as one entity.

    h. In the AOL case, the Trustee has sold assets and otherwise generated an estate of approximately $170,000 to date. In the AOW case, the Trustee has filed recovery actions against Caliber Mortgage, Rushmore Mortgage, Capital One and American Express. To date, claims totaling $965,377.31 have been filed in the AOL case, whereas, claims totaling $242,756.51 are filed in the AOW case. After elimination for claims filed in both cases, amended claims, and reduction for claims filed by insiders, the net combined claims total $778,976.16. The gross amount being sought in the recovery actions, along with the recoveries made to date, are significantly greater than the net combined claims amount.

    i. The intermingling of the Debtors' operations, the almost complete lack of corporate formalities between AOL and AOW, and the need to protect the interests of all creditors harmed by the apparent operations of AOL and AOW as a single enterprise, all suggest that a substantive consolidation of AOL and AOW would allow for the most equitable treatment for the combined creditor body and for the streamlined administration of the bankruptcy estates.

 I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

              By:  /s/ Robert N. Snyder, Jr.
                Robert N. Snyder, Jr., CPA

Dated: May 16, 2024

#729721 v1