UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**Caption in Compliance with D.NJ. LBR 9004-1(b)**
E. Richard Dressel, Esquire (ED 1793)
Lex Nova Law LLC
10 E. Stow Road, Suite 250
Marlton, NJ 08053
(856) 382-8211
Attorneys for Brian Thomas,
  Chapter 7 Trustee

In Re:

A-ONE LEASING, LLC,

　　　　　Debtors.

Case No:　　22-18807(JNP)

Chapter:　　7

Judge:　　Jerrold N. Poslusny

Hearing Date: June 11, 2024 at 11:00 am

## MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE MOTION FOR AN ORDER OF SUBSTANTIVE CONSOLIDATION WITH A-ONE WASTE SOLUTIONS

Brian Thomas, the Chapter 7 Trustee (the "Trustee") for A-One Leasing, LLC ("AOL" or the "Debtor"), by and through his attorneys, Lex Nova Law LLC, submits the instant memorandum of law in support of the Trustee's motion for the entry of an order of substantive consolidation of the instant case with that of A-One Waste Solutions (docket no. 22-18808(JNP)) ("AOW" and, together with AOL, the "Debtors"), pursuant to 11 U.S.C. §§105(a) and 363 of the Bankruptcy Code and Rules 1015(b), 2002, 2009 and 6004 of the Federal Rules of Bankruptcy Procedure.

**PROCEDURAL BACKGROUND**

The Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on November 6, 2022 (the "AOL Petition Date"). Andrew Finberg was the [initial] interim Trustee in this Chapter 7 case. Thereafter, on August 30, 2023, Brian S. Thomas was appointed as successor Trustee to Mr. Finberg. Robert N. Snyder, Jr., CPA, is the Court-appointed

accountant in the AOL Chapter 7 case, having been appointed by Orders dated December 19, 2022 and September 21, 2023.

A-One Waste Solutions ("AOW" and, with AOL, the "Debtors") filed a voluntary petition for relief pursuant Chapter 7 of the Bankruptcy Code on November 6, 2022 (the "AOW Petition Date" and, together with the AOL Petition Date, the "Petition Date"), which case was docketed at Bankr. No. 22-18808(JNP). Andrew Finberg was appointed as the [initial] interim Trustee in the AOW Chapter 7 case. Thereafter, on August 30, 2023, Brian S. Thomas was appointed as successor Trustee to Mr. Finberg. Robert N. Snyder, Jr., CPA, is the Court-appointed accountant in the AOW Chapter 7 case, having been appointed by Orders dated December 19, 2022 and September 21, 2023.

## **THE DEBTORS**

The Trustee and the Trustee's professionals have investigated the operations of AOL and AOW by reviewing the records maintained by both entities, transcript of 2004 examination of James Burns, subpoenaed statements from American Express, pleadings from the Burns vs. Burns state court litigation prior to the Petition Date and the numerous transfers between the Debtors and also to third parties for the benefit of James Burns and Nicolette Burns (collectively, the "Records").

Based on the Records, AOL and AOW are believed to have been formed on April 16, 2013 as single member limited liability companies owned by Nicolette Burns as the 100% managing member. Prior to the Petition Date, AOL and AOW were trucking and hauling companies which, among other things, transported raw and finished materials and provided snow clearing services for the State of New Jersey. While AOL appears to have held title to the physical assets that AOW used (vehicles, trailers equipment, etc.), AOW collected all customer payments and paid all bills

2

and obligations for both AOW and AOL.

Prior to the Petition Date, the Records reflect that Nicolette Burns' husband, James Burns, managed AOL and AOW's business operations, had access to banking and computer software programs and received wages from AOW. The Records reflect that marital issues between Nicolette Burns and James Burns appear to have contributed to the demise of AOW and AOL, which ultimately led to the bankruptcy filing(s).

The Records reflect that in/about June 2021 Nicolette Burns obtained three (3) separate restraining orders against James Burns. Subsequent thereto, in Marrch of 2022, Nicolete Burns filed a state court complaint against James Burns, A-One Contractors, LLC Sherri Stiles-Kuhn and Stile Hauling, LLC ("Burns v. Burns"), alleging that James Burns had created a new entity known as A-One Contractors, LLC ("AOC") in March 2021 through which he was diverting customer payments from AOW and AOL to AOC while using AOL and AOW's equipment and employees. As a result, the Records reflect that in April 2022 a preliminary injunction was issued in the Burns v. Burns case which ordered various relief including, but not limited to, the appointment of Noel Capuano of Friedman, LP as fiscal receiver for AOL and AOW so that that all future funds owed to AOL and AOW would be directed to AOW's accounts.

As a result of these investigations of the Records, Trustee and his professionals have observed, among other things, that

a. AOL and AOW, while separate legal entities were, for all intents and purposes, operated as one economic entity, as the business of and assets of AOL and AOW were indiscriminately comingled.

b. AOW was the operating company for the combined AOL/AOW entities which were trucking and hauling companies that, among other things, transported raw and finished materials

3

and provided snow clearing services for the State of New Jersey while AOL held title to physical assets (vehicles, trailers, equipment, etc.) that AOW used.

      c.      AOW collected all customer payments and paid all bills for both Debtors.

      d.      AOL does not appear to have had its own bank account since 2016.

      e.      There is no indication that AOL filed a separate tax return (Schedule C) for the business in 2019 so the depreciation expense for the assets owned by AOL was recorded on the Schedule C tax return for the AOW tax return.

      f.      From the combined Debtors' operations, AOW appears to have payments made to or on behalf of Nicolette Burns and to or for the benefit of James Burns for non-business items and to or on behalf of the joint expenses of Nicolette Burns and James Burns totaling millions of dollars.

      g.      The creditors of AOL and AOW listed in the Debtors' bankruptcies are almost identical, and a number of creditors filed proof of claims in both of Debtors' bankruptcy cases evidencing vendors' confusion, and reinforcing the perception, that AOL and AOW were operating as one entity.

      h.      In the AOL case, the Trustee has sold assets and otherwise generated an estate of approximately $170,000 to date. In the AOW case, the Trustee has filed recovery actions against Caliber Mortgage, Rushmore Mortgage, Capital One and American Express. Claims totaling $965,377.31 have been filed in the AOL case, whereas, claims totaling $242,756.51 have been filed in the AOW case. Claims totaling $261,904.87 have been filed in the AOW case to date. After elimination of claims filed in both cases and reduction for claims filed by insiders, the net combined claims total $778,976.16. The recoveries made to date, plus the gross amount being sought in the recovery actions, are significantly greater than the amount of the net combined

4

claims against the Debtors.

The intermingling of the Debtors' operations, the almost complete lack of corporate formalities between AOL and AOW, similar creditor bodies and the need to protect the interests of all creditors harmed by the apparent operations of AOL and AOW as a single enterprise all suggest that a substantive consolidation of AOL and AOW would allow for the most equitable treatment for the combined creditor body and for the streamlined administration of the bankruptcy estates.

**RELIEF REQUESTED**

By way of this Motion, the Trustee seeks the joint administration and substantive consolidation of AOL and AOW cases pursuant to Bankruptcy Code §§105(a) and 363 and Bankruptcy Rules 1015(b), 2002, 2006 and 6004. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(b) Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Substantive consolidation, as distinct from joint administration, is neither authorized nor prohibited by Bankruptcy Rule 1015. Rather, the propriety of substantive consolidation depends upon substantive considerations and the effects upon the substantive rights of the creditors or the different bankruptcy estates. See Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215 (1941).

Substantive consolidation is a "[c]onstruct of federal common law [and] emanates from equity. It 'treats separate legal entities as if they were merged into a single survivor left with all of the cumulative assets and liabilities…["]. In re Ownes Corning, 419 F.3d 195, 205 (3rd Cir. 2005) (quoting, Genesis Health Ventures, Inc. v. Stapleton (In re: Genesis Health Ventures, Inc.), 402 F.3d 416, 423 (3rd Cir. 2005). "Substantive consolidation refers to the equitable power of the

5

bankruptcy court to consolidate assets and liabilities of different entities as if they were a single entity." Official Comm. of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.), 2001 Bankr. LEXIS 2029 * 17 (Bankr. D.N.J. 2001). See also In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723 (Bankr. S.D.N.Y. 1992) (Corporate subsidiaries may be substantively consolidate if the subsidiaries conduct business as one economic unit, commingle funds, have common officers and directors, hold common assets and file consolidate tax returns).

Absent consent, a party seeking substantive consolidation must prove that "(i) prepetition [the entities sought to be consolidated] disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity, or (ii) post petition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors." Owens Corning, 416 F.3d at 211. To the extent that the Owens Corning factors need be considered despite the fact that Mr. Thomas, as the Trustee of both the Debtor and AOW submits that substantive consolidation of the Debtors is appropriate, the Trustee submits that the facts of the AOL and AOW cases warrant substantive consolidation.

Factors the courts have considered relevant to the substantive consolidation analysis include (i) the degree of difficulty in segregating and ascertaining assets and liabilities; (ii) the presence or absence of consolidated financial statements; (iii) the profitability of consolidation at a single physical location; (iv) the commingling of assets and business functions; (v) unity of interests and ownership between various corporate entities; (vi) the existence of parent and inter corporate guarantees on loans; and (vii) the transfer of assets without formal observance of corporate formalities. G-I Holdings, *18. As set forth infra, and as further reflected in the Certification of Robert N. Snyder, Jr., CPA in support of the Motion, these factors are plainly present in this case.

In the present case, recognizing the issues as set forth hereinabove and that substantive consolidation of the entities is not only warranted, but necessary, the Trustee seeks substantive consolidation on behalf of AOL and AOW, which arguably obviates the need to consider other factors.  That being said, based upon the results of the investigation to date, at outlined in detail at paragraph 18 of the Snyder Certification, the Trustee respectfully submits that one, if not both, of the requirements to be proven exist in the present case to warrant substantive consolidation.  In particular, AOL and AOW were, for all intents and purposes, operated as one economic entity, as the business of and assets of AOL and AOW were indiscriminately comingled.   AOL and AOW's complete disregard of the corporate separateness of the two entities has created a situation where substantive consolidation of AOL and AOW for the benefit of all creditors of both entities is necessitated.  "Corporate disregard as a fault may lead to corporate disregard as a remedy." Owens Corning, 419 F.3d at 205.

To be clear, the Trustee does not assert that the creditors necessarily relied on the breakdown of the entity borders and treated AOL and AOW as one entity, although further investigation/discovery may prove the same.  Rather, the basis for substantive consolidation lies in the fact that the assets and liabilities, income and expenses and operations of AOL and AOW are so scrambled and comingled (and seemingly no attempt was made to keep separate records of income and expenses)  the two entities must be treated as a single enterprises is necessary to allow for the most equitable treatment for the combined creditor body and for the streamlined administration of the bankruptcy estates.   Ms. Burns is the sole owner of both the Debtor and AOW  and controlled the operations and bookkeeping for both entities, until an order in the Burns v. Burns case apparently precluded her from doing so may partly explain the two entities being treated as a single enterprise.  Whatever the reason(s), AOL did not even have bank account and

7

monies received by AOW were never allocated as between the entities. Rather, monies were deposited into, and vendors were being paid from, the AOW accounts regardless of which entity provided the services which were being paid for. AOW likewise indiscriminately paid Nicolette Burns and James Burns' personal expenses in total disregard of any corporate formalities.

Substantive consolidation is being sought to advance one of the principle reasons for substantive consolidation, to "defensively . . . remedy the identifiable harms caused by entangled affairs". Owens Corning, 419 F.3d at 211. The Trustee has a fiduciary duty to all creditors to pursue what would be in the best interest of the estate, as well as to pursue substantive consolidation where substantive consolidation is warranted. Substantive consolidation will benefit creditors of both AOL and AOW that would otherwise be harmed by the commingling of assets and operations, including those creditors who chose to file proof of claims in both the AOL and AOW cases, presumably because they did not know which entity they were doing business with. At the end of the day, the Trustee seeks to substantively consolidate the Debtors' cases to streamline the administration of the estate and to maximize the pro-rata distributions to be made for the benefit of similarly-situated creditors of both AOL and AOW.

The concept is the "courts favor pro rata distribution of funds when such funds are claimed by creditors of like status." See Goldberg v. New Jersey Lawyers' Fund for Client Protection. 932 F.2d 273, 280 (3d Cir. N.J. 1991) (citing Commodity Futures Trading Comm'n v. Franklin, 652 F. Supp. 163, 168 (W.D. Va. 1986) (applying a formula to divide varying sources of commingled funds because "equity dictates that all . . . funds be distributed on a pro rata basis"), *rev'd on other grounds*, 875 F.2d 76 (4th Cir. 1989); In re Leedy Mortgage Co., 111 Bankr. 488, 489 (Bankr. E.D. Pa. 1990) (disallowing differential distribution of funds based on the "precept that preferences or priorities to creditors should be carefully assessed and allowed only when legally or equitably

8

justified"); In re Independence Land Title Corp. of Ill., 18 Bankr. 673, 674 (Bankr. N.D. Ill. 1982) ("It would thwart the general bankruptcy principle of equality of distribution to creditors of equal status if this court allowed [defendant] to receive all the funds held by the trustee."); see also In re Strategic Technologies, Inc., 142 Fed. Appx. 562, 566 (3rd Cir. 2005)("when one party is claiming assets that are commingled with the assets of someone similarly situated this Court has indicated a preference for pro rata distribution.").

The Trustee respectfully submits that the substantive consolidation of AOL and AOW is in the best interests of the bankruptcy estate(s), as well as the creditors of both entities, and will avoid the necessity of fees, expenses and delays attendant with the herculean task of attempting to separate the operations and books and records attributable to AOL and AOW.

The Trustee respectfully submits that seeking approval of the substantive consolidation of the AOW case with that of AOL by way of this Motion provides notice to all creditors, who are being provided with ample opportunity to object to the relief sought. The Trustee has served the Motion upon all creditors of both AOL and AOW and a Certification of Service upon all creditors and parties in interest in both cases is being filed in each Debtor's case.

WHEREFORE, Brian Thomas, the in Trustee for the A-One Leasing, LLC, respectfully

[THIS SPACE INTENTIONALLY LEFT BLANK]

requests that this Court enter an Order in substantially the form submitted herewith directing that the cases of A-One Leasing, LLC and A-One Waste Solutions (for which he is also the Trustee) be jointly administered and substantively consolidated and for other additional relief as the Court may deem just and proper.

                                                                                         Respectfully submitted,

                                                                                         LEX NOVA LAW LLC
                                                                                        Attorneys for Trustee, Brian S. Thomas

Dated: May 17, 2024                                         By: /s/ E. Richard Dressel, Esq.
                                                                                            E. Richard Dressel, Esq.